IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
        vs.                 )
                            )    CR 10-176 (see CA 14-1099 and 14-1176)
JAMES C. PLATTS,            )
                            )
        Defendant/Petitioner. )

# M E M O R A N D U M   O P I N I O N

Petitioner has filed numerous motions in regard to his conviction and sentence in the above-captioned matter. Specifically, on November 21, 2013, he filed a pro se "Motion to Appeal Conviction and Sentence under 18 U.S.C. § 3742" (Doc. No. 180). On December 12, 2013, Petitioner filed a response to the Court's December 2, 2013 show cause order (Doc. No. 183). On that same date, he filed a pro se "Motion to Compel Copies of Ordered Reports" (Doc. No. 182) and a pro se "Reconsideration of Motion for Discovery" (Doc. No. 184).

About a month and a half later, on February 3, 2014, he filed a pro se "Motion for Rule 60 – Relief from Judgment or Order" (Doc. No. 185), and about a month and a half after that, on March 27, 2014, he filed a pro se "Motion for the District Court to Properly Comply with the Provisions of Rule 32 and 18 U.S.C. § 3664" (Doc. No. 186) and a pro se "Motion to Properly Address No Established Victim and No Determination of Any Loss in Violation of Rule 32 and 18 U.S.C. § 3664 that Warrants Correction of Sentence" (Doc. No. 187). Less than a week later, on April 2, 2014, he filed a pro se "Motion to Properly Address an Unaccepted Factual Basis to Support a Conviction" (Doc. No. 188). A week later, on April 9, 2014, he filed

a pro se "Motion under 18 U.S.C. § 3582(c)(1)(A) Compassionate Release/ Reduction in Sentence" (Doc. No. 189).

Just over a month later, on May 13, 2014, Petitioner filed a pro se "Motion for a Rule 29 Judgment of Acquittal Based on Actual Innocence" (Doc. No. 191). Approximately a month and a half after that, on July 2, 2014, he filed a pro se "Motion to Properly Calculate the Term of Imprisonment and Apply All Statute Credits" (Doc. No. 192). A month and a half after filing that document, on August 18, 2014, he filed a pro se "Motion for Summary Action to Vacate Judgment of Conviction Nunc Pro Tunc" (Doc. No. 193). Three days later, on August 21, 2014, he filed a pro se "Motion to Appeal for Compassionate Release/Reduction in Sentence [] 18 U.S.C. § 3582(c)(1)(A) and BOP Policy Statement 1B1.13(1)(A)(iv)" (Doc. No. 194). It took a week and a half before he filed a pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. No. 195) on September 2, 2014. Finally, yesterday, September 9, 2014, Petitioner filed a second pro se "Motion for Rule 60 – Relief from Judgment or Order" (Doc. No. 196). For the reasons set forth herein, the Court finds no merit as to any of these filings, and denies and/or dismisses each with prejudice.[1]

## I.    **Background**

On October 17, 2011, Petitioner pled guilty to four counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts One through Three and Five), one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count Four), and one count of mail fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count Six). In connection with his plea, he

---

[1] The Court notes that Petitioner, on September 9, 2014, also filed what he calls his "Motion to Properly Calculate the Term of Imprisonment and Apply All Statute Credits" (Doc. No. 197), which was docketed as an appendix to Document No. 195. Since there are no new issues raised in Document No. 197 (which, in fact, is Petitioner's second motion to be so-titled), there is no need to re-characterize this entry as a motion. In any event, the Court has considered this document in rendering its decision.

and the Government entered into a plea agreement which contained a waiver of certain appellate rights as well as a provision that Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." The agreement further stated that it

> sets forth the full and complete terms and conditions of the agreement between [Petitioner] and the [Government], and there are no other agreements, promises, terms or conditions, express or implied.

Petitioner signed the agreement and acknowledged at the plea hearing that he had agreed to the terms set forth in the agreement, which both the Government and the Court reviewed for him at that hearing. The Court accepted Petitioner's plea.

On April 23, 2012, Petitioner was sentenced by this Court to 46 months' imprisonment at each of Counts One through Six, to be served concurrently, to be followed by a term of supervised release of three years at each count, to be served concurrently. The Court further ordered that Petitioner pay restitution in the amount of $80,145.95 and identified his victims. Judgment was entered on the next day. Although Petitioner filed a notice of appeal on May 7, 2012, the Third Circuit Court of Appeals summarily dismissed the appeal based on Petitioner's waiver of his appellate rights.

On November 21, 2013, Petitioner filed the first of his numerous motions with this Court, his "Motion to Appeal Conviction and Sentence under 18 U.S.C. § 3742" (Doc. No. 180). Because the motion appeared to raise issues cognizable under 28 U.S.C. § 2255, the Court, on December 2, 2013, ordered Petitioner, no later than January 2, 2014, to file with this Court his position as to whether he elected for the Court to construe his motion as one filed pursuant to Section 2255, or whether he wanted the Court to rule on his motion as filed. The

Court advised Petitioner that failure to respond would result in the Court ruling on the Motion as filed. Further, because the Court was aware of the waiver of Petitioner's right to file a Section 2255 motion, and his right to file any other collateral proceeding attacking his conviction or sentence, contained in the plea agreement, it ordered Petitioner to show cause why his motion should not be dismissed on the basis of this waiver, regardless as to whether he elected for the Court to treat the motion as a Section 2255 motion or whether he elected for the Court to rule on it as originally filed. Petitioner filed a response indicating that his motion was not to be treated as one under Section 2255 and setting forth his position that the collateral waiver does not apply in this case.

Shortly after filing this motion, Petitioner sought mandamus from the Third Circuit regarding the issues contained in his motion, which was denied on May 5, 2014.[2] While that motion was pending, Petitioner began filing his numerous other motions with this Court. Because these motions raise substantially overlapping issues, the Court has decided to adjudicate and discuss them together.[3]

**II.**      **Discussion**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S.

---

[2]      The Court notes that Petitioner has filed several other motions seeking mandamus with the Third Circuit. Such filings do not divest this Court of jurisdiction. See United States v. Wilson, 2011 WL 4801912, at *1 (D. Col. Oct. 11, 2011) (citing Moore v. Busby, 92 Fed. Appx. 699, 702 (10th Cir. 2004) and Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995)).

[3]      Because Petitioner had already been given the opportunity to address the issue of his collateral waiver, the Court deemed it futile to ask for a new response as to that issue in regard to each of his subsequent motions.

at 520-21 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Even for <u>pro se</u> filings, Petitioner's numerous motions are difficult to follow. Just by way of example, he routinely runs several unrelated concepts together, uses legal terms inappropriately, uses ellipses to eliminate essential text that changes the meaning of the quoted material significantly, and makes vague references to uncertain source material. The Court has, nonetheless, done its best to discern the nature of the arguments raised by Petitioner. It must be remembered, though, that Petitioner's plea agreement contains a waiver of his right to attack his conviction and sentence collaterally, and that the Court must analyze each of his various filings with that fact in mind.[4]

**A.** **<u>Motion to Appeal Conviction (Doc. No. 180)</u>**

As noted, Petitioner expressly declined for this motion to be construed as a motion under 28 U.S.C. § 2255. Instead, he chose to attempt to establish jurisdiction under 18 U.S.C. § 3742. Unfortunately for Petitioner, this statute merely establishes the procedure for an appellate court to review a sentence imposed by a United States district court. It does not give district courts any authority or jurisdiction to rule on decisions made by an appellate court, including findings that the right to appeal has been waived. Indeed, nothing in the language of Section 3742 suggests in any way that it provides a basis for a district court to act as Petitioner seeks here. As such, this Court has no jurisdiction to consider such a motion and must dismiss it with prejudice.

---

[4] Most of Petitioner's filings raise the same basic arguments. To the extent that the Court addresses the substance of any of these arguments in regard to one motion, the analysis holds as to the others, as well, unless the Court indicates otherwise.

### B. Motions under Rule 60, to Properly Address No Established Victim and No Determination of Any Loss, to Properly Address an Unaccepted Factual Basis to Support a Conviction, and for Summary Action to Vacate (Doc. Nos. 185, 187, 188, 193, and 196)

The issues raised in each of these motions substantially overlap the issues raised in each other and in the various other motions filed by Petitioner. They also seek essentially the same relief -- the vacation of Petitioner's conviction and/or sentence. The first and fifth of these motions are raised pursuant to Federal Rule of Civil Procedure 60(b).[5] The second and third do not really contain any attempt to establish a basis for this Court's jurisdiction. The fourth is labeled as a motion to vacate judgment of conviction but purports to be filed under Local Appellate Rule 27.4(a). As the Court will discuss, the Court is treating all five as having been raised under Section 2255 to Petitioner's benefit.[6]

---

[5]     Federal Rule of Civil Procedure 60(b) provides:

   **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

[6]     The Court notes that, ultimately, the jurisdictional basis of Petitioner's motions does not matter. The waiver in his plea agreement waived his right not only to file a Section 2255 motion,

As to the first and fifth of these motions, Document Nos. 185 and 196,[7] Civil Rule 60(b) is an inappropriate vehicle to vacate a criminal sentence.  See United States v. Mortimer, 256 Fed. Appx. 468 (3d Cir. 2007); United States v. Pope, 124 Fed. Appx. 680, 682 (2d Cir. 2005); United States v. Wallace, 82 Fed. Appx. 701, 701 (1st Cir. 2003).  The Federal Rules of Civil Procedure govern "procedure in all civil actions and proceedings."  Fed. R. Civ. P. 1.  They do not apply in criminal cases.  Petitioner had no civil actions pending before this Court at the time he filed the first of these motions and, in any event, neither of these motions pertain to any adjudication of the civil actions opened in connection with his motions to vacate.[8]  Accordingly, Civil Rule 60 does not apply and provides no basis for jurisdiction for this Court to vacate Petitioner's criminal conviction or sentence in this case.  As to Document No. 193, the Third Circuit's Local Appellate Rules, including Rule 27.4(a) which pertains to summary action, apply to cases before the Third Circuit, not to cases before the District Court.

Therefore, since Document Nos. 185, 193, and 196 set forth improper bases for jurisdiction, and since Document Nos. 187 and 188 set forth no bases for jurisdiction, the Court will construe all of them under Section 2255, since they appear to raise claims that could

but also any other collateral motion attacking his conviction or sentence.  Since the Court's decision relies on this waiver, and since all of the motions he has filed are collateral attacks, regardless of the label applied to them, if the waiver is enforceable, it is enforceable as to all of the pending motions.  The Court is construing these motions as Section 2255 motions as a means of at least giving Petitioner a proper jurisdictional basis for challenging the waiver at all.

[7]     Although Petitioner's second Rule 60 motion, Document No. 196, was filed yesterday, the Court has reviewed it in its entirety.  It raises no issues not already raised in Petitioner's numerous other motions.

[8]     A Rule 60(b) motion may be adjudicated on its merits when the factual predicate of the motion attacks the manner in which an earlier Section 2255 judgment was procured rather than the underlying sentence or conviction.  See United States v. Enigwe, 142 Fed. Appx. 642, 642-43 (3d Cir. 2005) (citing Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004)).  However, as noted, no such motions had been adjudicated in this case prior to the instant Omnibus Order and Memorandum Opinion.

conceivably be raised pursuant to that statute. See United States v. Tyler, 207 Fed. Appx. 173, 177 (3d Cir. 2006); Enigwe, 142 Fed. Appx. at 643. Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). However, a criminal defendant may waive his right to file a motion under Section 2255 or to otherwise seek collateral relief. Such a waiver is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38.

        As the Court noted above, Petitioner entered into a plea agreement in which he waived his right to attack his conviction or sentence collaterally. The Court questioned Petitioner extensively regarding these waivers:

> Mr. Platts, do you understand that ordinarily you or the Government may have the right to appeal any sentence the Court imposes; however, the Court notes that in paragraph A5 of the plea agreement, you and the Government agree you would waive, that is, give up your right to take a direct appeal from your conviction or sentence subject to the following exceptions:

> First, if the United States appeals from the sentence, you may take a direct appeal from the sentence. Do you understand that?

> And secondly, you may also take a direct appeal from the sentence only on the following grounds:

> First, the sentence exceeds the applicable statutory limits set forth in the United States Code. Do you understand that?
>
> Or secondly, the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines. Do you understand that?
>
> To repeat, by these provisions of the plea agreement, you're giving up your right to appeal both the validity of your plea of guilty and the legality of your sentence. Do you understand that?
>
> Further, you have also waived the right to file a motion to vacate sentence under Title 28 of the United States Code, Section 2255, and the right to file any other collateral proceeding attacking your conviction or sentence. Do you understand that?

Petitioner answered all of these questions in the affirmative. The Court therefore continued:

> The waivers you have entered into are generally enforceable if entered into knowingly and voluntarily unless they work a miscarriage of justice. Has anyone made a threat to you or to anyone else that has forced you to waive these rights?
>
> Has anyone made any promise to you, other than the promises that are made in the plea agreement, that have induced you to waive these rights?

When Petitioner responded in the negative, the Court found the waivers to be knowing and voluntary.

Petitioner does not really argue that the waivers themselves were anything other than knowing or voluntary, and it is the nature of those waivers that is at issue. See United States v. Akbar, 181 Fed. Appx. 283, 286-87 (3d Cir. 2006); United States v. Clark, 177 Fed. Appx. 228, 231 (3d Cir. 2006); United States v. Watkins, 2011 WL 2261059 (W.D. Pa. June 8, 2011); United States v. Fagan, 2004 WL 2577553, at *4 n.5 (E.D. Pa. Oct. 4, 2004). He does, though, challenge the validity of the plea colloquy pursuant to Federal Rule of Criminal

Procedure 11, so the Court will address whether any Rule 11 error occurred that would somehow have rendered Petitioner's plea or waivers anything other than knowing.[9]

Petitioner's primary issues seem to be that the Court abbreviated some of its questions to him as to the charges to which he was pleading guilty, and that he limited his plea to only specific facts. As to the first issue, Rule 11 does not prescribe any specific wording, and the Court's colloquy with Petitioner satisfied the requirements of the rule. See United States v. Ramos-Mejia, 721 F.3d 12, 15 (1st Cir. 2013) ("In order to satisfy Rule 11, the district court need not employ a 'specific script, a set of magic words, or even certain types of inquiries.'") (quoting United States v. Ward, 518 F.3d 75, 83 (1st Cir. 2008)). Contrary to any claim that Petitioner may be raising, he was fully apprised of the charges against him to which he was pleading guilty.

As to the second issue, Petitioner is confusing a plea of guilty with an admission to certain underlying facts. At times in his numerous filings, Petitioner claims that he did in fact plead guilty, calling his plea a conditional one. At other times he appears to allege that he never pled guilty to any crime.[10] The confusion seems to stem from the fact that he clearly attempted to limit his admission as to the underlying factual basis for Counts One through Six to his involvement with the verification of deposit ("VOD") process.[11] However, although he did limit

---

[9]       The voluntary nature of the plea does not appear to be at issue, as Petitioner does not claim he was threatened or coerced into pleading guilty to Counts One through Six.

[10]      To the extent that Petitioner is now claiming that, by limiting his factual admission, he changed the nature of the charges to which he pled guilty, the Court notes that Petitioner cannot unilaterally change the nature of these charges.

[11]      Despite this attempt, Petitioner actually admitted to other aspects of the scheme to defraud, both personally and through counsel, including involvement in the filing of lis pendens and falsifying rental histories in connection with Count Three, submitting a check drawn from an account into which lis pendens payments were deposited in regard to Count Four, and bringing money to the closing contrary to what was reported in the HUD-1 form and in settling lis pendens payments in regard to Count Five. Moreover, Petitioner also admitted to knowing that

his factual admission, he repeatedly informed the Court that he did, in fact, want to plead guilty to Counts One through Six. Moreover, he admitted that although he would not agree to the Government's summary of the underlying facts or to all aspects of the fraudulent scheme, his participation in the VOD process and other aspects of the scheme did provide a factual basis for the charges against him. The Court specifically confirmed with all parties that they were satisfied with Petitioner's admission of guilt, and they indicated that they were. When the Court asked Petitioner if he still wanted to plead guilty after his attempt to limit the facts to which he was admitting, he still indicated a desire to do so. At the end of the proceeding, the Court informed Petitioner that it was accepting his plea as to Counts One through Six, and Petitioner signed the change of plea form as to these counts. Accordingly, Petitioner did, indeed, plead guilty to the charges against him. Far from claiming innocence at his plea hearing, Petitioner admitted that there was a factual basis for the charges against him but limited his admission as to the level of his own involvement. His portrayal of the nature of these proceedings appears now to be an attempt to re-characterize the hearing as something that it was not.

Petitioner appears to believe, in any event, that since the Court relied on facts other than his involvement in the VOD process, specifically, his involvement in the filing of unlawful lis pendens against the property at issue and his falsification of HUD-1 forms, his "conditional" plea was somehow invalidated. However, as noted, Petitioner actually agreed that he participated in these other aspects of the scheme at his change of plea hearing. Regardless, this Court can consider facts not admitted in a guilty plea in imposing sentence. See United States v. Powell, 176 Fed. Appx. 267, 271 (3d Cir. 2006). Accordingly, even assuming that Petitioner's admissions were limited to his involvement in the VOD process, the Court was not

documents involved in the transactions discussed in Counts One through Six would have to be submitted to the lender by someone.

bound merely to considering this conduct.[12]  Once Petitioner agreed that there was a factual basis

for his guilty plea, it was up to the Court to engage in judicial fact-finding and determine the

sentencing factors based on a preponderance of the evidence.  See id. (citing United States v.

Cooper, 437 F.3d 324, 330 (3d Cir. 2006)).

As  noted, the Court is aware that Petitioner attempted to limit his sentencing

exposure by carefully crafting his responses to certain questions in the plea colloquy.  This is

why the Court expressly discussed with the parties the issue of whether Petitioner's admissions

were acceptable.  However, in any event, the Court very clearly explained to Petitioner the

possible sentence he faced and the fact that the Court could not determine his sentence at that

time.  Specifically, the Court asked Petitioner:

> Do you understand that the Court will not be able to
> determine the advisory guidelines for your case until after the
> Presentence Report has been completed and you and the
> Government have had an opportunity to challenge the facts
> reported by the probation officer?

To which he responded, "I do."  The Court further asked:

> Do you understand that if the sentence imposed is more
> severe than you expected, you'll still be bound by your plea and
> you'll have no right to withdraw it.

Again, Petitioner indicated that he understood.  The Court then advised him that he faced a

maximum term of imprisonment of 20 years at each count, for a total maximum sentence of 120

years.  Petitioner not only stated that he understood this, a specific discussion as to this very

issue was held.

In sum, Petitioner's attempt to limit his sentencing liability by limiting his factual

admissions does not change the fact that he was aware of the charges to which he was pleading

---

[12]      The Court notes that it actually did not find Petitioner's claims as to his limited
involvement to be fully credible at sentencing.

guilty, nor does it change the fact that he knew the possible penalties he faced and that the Court had yet to determine his guideline sentencing factors. He further understood that his plea would remain even if the sentence was greater than he expected. Even though he did not agree to all of the underlying facts presented by the Government, Petitioner repeatedly indicated his desire to plead guilty. Accordingly, his plea was knowing.[13]

Moreover, no miscarriage of justice would occur as a result of the enforcement of the waiver. As the Third Circuit has explained, in determining whether there would be a miscarriage of justice, the Court must consider factors such as the clarity of the alleged error, its gravity, its character, the impact of the error on Petitioner, the impact of correcting the error on the Government, and the extent to which Petitioner acquiesced in the result. See Khattak, 273 F.3d at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). After engaging in its own independent review of the record and applying the factors set forth above, the Court finds that no miscarriage of justice will occur by enforcing the collateral waiver.

As the Court has noted, Petitioner's arguments are at times hard to follow, but he appears to raise several arguments as to why enforcing the collateral waiver would work a miscarriage of justice. The Court has already addressed his assertions about the validity of his plea under Rule 11. Among his other claims, he argues that the Court erred in sentencing him. In particular, he takes issue with the fact that his behavior beyond participation in the VOD process was considered, the fact that the Court applied a 2-level enhancement pursuant to USSG § 2B1.1(b)(10)(C) because his conduct constituted sophisticated means, and the calculation of

---

[13]     Petitioner occasionally implies that his response to the Court's questions transformed his criminal case into a civil case. Such a claim is, of course, frivolous, and nothing that transpired at Petitioner's plea hearing would have remotely suggested that the proceedings involved anything other than the criminal charges against him.

the loss amount.  However, none of these arguments have merit, and the Court properly calculated his sentence.

The Court addressed Petitioner's argument that the Court was precluded from considering aspects of his conduct beyond his participation in the VOD process above.  As noted supra, a sentencing court can consider facts not admitted in a guilty plea in imposing sentence. In so doing, a court can apply sentencing enhancements, such as the one for sophisticated means under Section 2B1.1(b)(10)(C), based on facts not admitted in a guilty plea.  See Powell, 176 Fed. Appx. at 271.  The Court notes in this regard that, although Petitioner challenged that his conduct warranted such an enhancement, he did not dispute the facts underlying the enhancement.  Rather, he argued that those facts did not support the enhancement.  As to Petitioner's concerns about the calculation of loss, he stipulated to that amount pursuant to his plea agreement.  The Court specifically asked if he understood that he was agreeing to this, and he indicated that he did.  His attempt to now portray this agreement as a "guestimate cap" that would later be changed as more facts came to light is simply not accurate.  Moreover, Petitioner did not object to either the loss finding for guideline purposes or the restitution order at sentencing.  This Court "may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant."  United States v. Waldron, 458 Fed. Appx. 190, 191 (3d Cir. 2012) (quoting United States v. Watkins, 54 F.3d 163, 166-67 (3d Cir. 1995)).  The Government need not present evidence of facts to which a defendant has not objected.  See id. Indeed, the Government was prepared to present evidence relevant to Petitioner's sentencing at the hearing, but did not because Petitioner's counsel indicated that there was no need for evidence because there was no disagreement as to the facts, only as to the impact of the facts on

the sentencing factors. Accordingly, Petitioner's arguments regarding his sentencing lack merit, and certainly do not demonstrate that his sentence constituted a miscarriage of justice.

Petitioner also takes issue with what he portrays as the misrepresentation of his appellate rights. The Court noted above that Petitioner's appeal was dismissed pursuant to his appellate waiver, and Petitioner feigns surprise at this, claiming that this Court assured him he had a right to appeal. The problem with his argument, of course, is that, by use of ellipses, he misquotes what he was told about his right to appeal. In whole, the Court informed him:

> Mr. Platts, you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. ***However, a defendant may waive those rights as part of a plea agreement, and you have entered into a plea agreement which waives some or all of your rights to appeal the sentence itself. Such waivers are generally enforceable, but if you believe the waiver is unenforceable, you can present that theory to the appellate court.*** With few exceptions, any notice of appeal must be filed within 14 days of judgment being entered in your case. If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the clerk of the court will prepare and file a notice of appeal on your behalf.

(emphasis added). Petitioner's various filings consistently omit the language explaining that he had waived some or all of his appellate rights. Indeed, as discussed above, Petitioner was specifically asked if he understood that he was waiving these rights, and he indicated that he did.[14]

Petitioner further cites the existence of what he refers to as "preserved" mitigating evidence. He seems to argue that he was denied a promised evidentiary hearing in regard to his

---

[14]    As to Petitioner's claims about counsel's alleged failure to respond to appellate briefs, the Court notes that, by Petitioner's own admission, the appellate court enforced the waiver before any substantive issues were reached.

sentencing where he intended to present this evidence. The record conclusively refutes this argument. Not only was a sentencing hearing held on April 23, 2012, Petitioner did, in fact, present evidence purporting to be mitigating at that hearing.

Petitioner also vaguely alleges that evidence was withheld in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). To establish a <u>Brady</u> violation, Petitioner must establish (1) that evidence was suppressed; (2) that the evidence was favorable to his defense; and (3) that the evidence was material to guilt or punishment. <u>See</u> <u>Strohl v. Grace</u>, 354 Fed. Appx. 650, 653 (3d Cir. 2009). Petitioner does not satisfy any of these criteria. The Court first notes that he is generally vague as to what evidence he is claiming was improperly withheld. He does not establish that any of the documents to which he refers or alludes were actually possessed by the Government, even under the broadest sense of that term as set forth in <u>Strohl</u>. <u>See</u> 354 Fed. Appx. at 654. Indeed, he appears to have already been aware of many of the documents to which he alludes. Moreover, although he claims that these documents are mitigating, the Court cannot find any mitigating value even based on Petitioner's own claims. Further, it is unclear throughout whether Petitioner is alleging that information was withheld from him or simply not submitted to the Court.

Accordingly, the Court does not find any evidence of the errors alleged by Petitioner. However, even assuming Petitioner could establish some error on the part of his counsel or this Court, the other factors demonstrate that no miscarriage of justice would result from enforcing the waiver. Were Petitioner to be permitted to withdraw his plea, the Government would be prejudiced by having to try a case that is now several years old. The Court notes that it actually gave Petitioner the time and opportunity to travel to Florida to

retrieve what he characterized as exculpatory evidence.[15]  However, rather than traveling to

Florida as he claimed he would, Petitioner notified the Court of his desire to plead guilty.

Therefore, Petitioner was given every opportunity to fully prepare for trial in 2011 and instead

chose to enter a guilty plea.  To now force the Government to reconstruct its case because

Petitioner did not like the result of his plea is fundamentally unfair.  Moreover, to the extent that

Petitioner were to be permitted to withdraw his plea and proceed to trial, the evidence against

him appears to be very strong, and the Court notes that his two co-defendants would be expected

to testify as to Petitioner's involvement in the fraudulent scheme.[16]  The Court further notes that

whatever confusion occurred in regard to Petitioner's plea proceedings were the result of his own

attempt to obfuscate the record for purposes of influencing his sentencing.

        In sum, no miscarriage of justice will occur if the waiver is enforced.  The Court's

independent review of the record reveals nothing to the contrary.  The Court further notes that

the Third Circuit has already enforced the appellate waiver contained in the same plea

agreement.  As such, the Court will dismiss these motions with prejudice.

      **C.**      **Motions for Compassionate Release/Sentence Reduction and to
Appeal for Compassionate Release (Doc. Nos. 189 and 194)**

        Petitioner has also filed multiple requests for the Court to reduce his sentence

pursuant to 18 U.S.C. § 3582(c)(1)(A).  While that statute permits the Court, under certain

specific circumstances, to reduce a defendant's sentence, it expressly provides that the Court can

only consider such a reduction pursuant to a motion from the Director of the Bureau of Prisons.

---

[15]      The Court notes that Petitioner made the same basic request to travel to Florida to obtain
exonerating evidence in his prior federal prosecution at Criminal No. 07-21.

[16]      In fact, the issue of Petitioner's cooperating co-defendants raises another troublesome
issue.  The Court ruled on the motions pertaining to these individual's cooperation years ago.
Indeed, they have already finished serving their sentences of probation.  It could prove to be
difficult to now persuade these witnesses to testify, given the fact that they would not receive any
additional benefit for doing so.

Prisoners themselves have no standing to file a motion pursuant to Section 3582(c)(1)(A).  See

United States v. Smith, 2010 WL 1924018, at *1 (W.D. Pa. May 21, 2010) (collecting cases).

Accordingly, the Court has no jurisdiction to consider these motions and must dismiss them with

prejudice.  To the extent that this motion could be construed to raise other arguments, the Court

finds that Petitioner has waived his right to file such a collateral attack for the reasons stated in

this Memorandum Opinion.

### D.  Motion for a Rule 29 Judgment of Acquittal (Doc. No. 191)

Petitioner's next attempt to find a basis for challenging his conviction is Federal

Rule of Criminal Procedure 29.  This rule permits a defendant to move the trial court for a

judgment of acquittal at certain points during a criminal prosecution.  However, the latest such a

motion may be filed is 14 days after a guilty verdict.  See Fed. R. Crim. P. 29(c)(1).  Setting

aside the fact that there was no jury verdict in this case, as Petitioner pled guilty, his motion is

not close to being timely pursuant to Rule 29.  As such, it provides the Court no basis for

jurisdiction, and the Court must therefore dismiss the motion with prejudice.  To the extent that

this motion could be construed to raise other arguments, the Court finds that Petitioner has

waived his right to file such a collateral attack for the reasons stated in this Memorandum

Opinion.

### E.  Motions under Rule 32 and 18 U.S.C. § 3664 (Doc. Nos. 182 and 186)

Petitioner has filed two motions with this Court essentially arguing that he did not

properly receive reports regarding restitution as required pursuant to Federal Rule of Criminal

Procedure 32 and 18 U.S.C. § 3664.  Rule 32(c)(1)(B) does provide that "[i]f the law permits

restitution, the probation officer must conduct an investigation and submit a report that contains

sufficient information for the court to order restitution."  However, this provision is in the

context of explaining the probation officer's responsibilities in regard to the preparation of the presentence investigation report ("PIR"). Indeed, Section 3664(a) specifies that the probation officer may include information regarding restitution in the PIR.

Here, as in most cases, the probation officer included her findings regarding restitution in the PIR. The Court received no other reports or information from the probation officer pertaining to restitution. Pursuant to Section 3664(b), a copy of the PIR, including the portion addressing restitution, was disclosed to Petitioner. At sentencing, the Court asked Petitioner if he had received a copy of the PIR and whether he had reviewed it with counsel. He indicated that he had. Accordingly, Petitioner received all of the information the Court received from the probation officer regarding restitution. To the extent that Petitioner is seeking communication between the probation office and the victims that was not disclosed to the Court, neither Rule 32 nor Section 3664 entitles him to such information.[17]

To the extent that Petitioner is attempting to use these motions as vehicles to challenge the Court's determination as to the amount of restitution or as to the loss amount for purposes of the United States Sentencing Guidelines, such an attempt would constitute a collateral attack to his sentence. As the Court has explained, Petitioner has waived his right to file any such collateral attack, and the waiver is enforceable. The Court further notes that, as discussed supra, Petitioner stipulated to the loss amount and did not object to the Court's restitution findings at sentencing. Accordingly, these motions will be denied.

### F. Reconsideration of Motion for Discovery (Doc. No. 184)

Based on the Court's denial and/or dismissal of the other pending motions filed by Petitioner, there is no basis for ordering discovery, and it therefore denies this motion.

---

[17] Petitioner again relies on misplaced ellipses to imply that Section 3664 requires disclosure to him of this information.

### G. Motion to Properly Calculate Term of Imprisonment and Apply All Applicable Credits (Doc. No. 192)

It is frankly difficult to determine the precise nature of this motion, as it raises so many different issues. To the extent that Petitioner is asking this Court to award him credit toward his sentence for time spent in detention, it is the United States Bureau of Prisons, and not the sentencing court, that determines, under 18 U.S.C. § 3585(b), what credit can be awarded for prior detention. See United States v. Wilson, 503 U.S. 329, 331-33 (1992); United States v. Jones, 74 Fed. Appx. 180, 181 (3d Cir. 2003). To the extent that the motion raises issues covered elsewhere in this opinion, it is denied for the reasons stated herein.

### H. Motion under Section 2255 to Vacate (Doc. No. 195)

While the Court was considering the various issues raised in Petitioner's other motions, Petitioner filed a formal motion under Section 2255 on September 2, 2014. Since all of the issues raised in that motion have already been addressed elsewhere in this Memorandum Opinion, no further discussion is warranted. For the reasons stated, the waiver of Petitioner's right to file a collateral attack contained in the plea agreement bars the filing of this motion.[18]

### I. Other Issues

To the extent that Petitioner's motions raise additional issues, such claims are too vague, conclusory, and lacking in merit to warrant further discussion. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988). As the Court stated above, it has done its best to construe and address Petitioner's allegations.

---

[18] Since the Court has already found that the collateral waiver in the plea agreement precludes the filing of this motion, the Court need not address the timeliness issue regarding the motion.

**III.    Conclusion**

For all of the above-stated reasons, Petitioner's motions are denied or dismissed in their entirety with prejudice.  Further, this Court will not issue a certificate of appealability in this case.  A certificate of appealability may issue under Section 2255  "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2).  For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue in this action.

s/ Alan N. Bloch
United States District Judge

Date:  September 10, 2014

ecf:    Counsel of record

cc:      James C. Platts, Fed. Reg. No. 09684-068
          USP Hazelton
          P.O. Box 2000
          Bruceton Mills, WV 26525