IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | CR 10-176 |
| JAMES C. PLATTS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 12th day of March, 2015, upon consideration of Defendant James C. Platt's pro se "Motion to Vacate Unauthorized Order of Supervised Release" (Document No. 203), "Motion to Vacate an Unauthorized Order of Restitution" (Document No. 204), and "Motion to Provide Evidence to Support [sic] Findings of Fact and Conclusions of Law" (Document No. 205), all filed in the above-captioned matter on March 5, 2015, and upon further consideration of the Court's intention to re-characterize these motions as motions pursuant to 28 U.S.C. § 2255, as discussed herein,

IT IS HEREBY ORDERED that Defendant shall, no later than April 17, 2015, inform the Court whether he wishes to proceed with these motions (re-characterized as Section 2255 motions), amend the motions, or withdraw them. Failure to respond will result in the Court re-characterizing said motions, as stated herein, and considering them as such.

The issues raised in Defendant's motions essentially entirely overlap with issues raised in one or another of the 14 motions previously filed by Defendant which the Court denied and/or dismissed in its September 10, 2014 Omnibus Order and Memorandum Opinion. Defendant

1

provides no jurisdictional basis for the Court to consider (or re-consider) the issues raised in any of these three present motions.

Nevertheless, federal courts "have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Thus, rather than dismissing Defendant's motions, as they fail to set forth any basis for jurisdiction, the Court intends to re-characterize them as motions filed pursuant to 28 U.S.C. § 2255, and to construe them appropriately, since they appear to raise claims that could conceivably be raised pursuant to that statute. See United States v. Tyler, 207 Fed. Appx. 173, 177 (3d Cir. 2006); Enigwe, 142 Fed. Appx. at 643. Accordingly, the Court is hereby warning Defendant that this re-characterization "'means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provid[ing] [Defendant] an opportunity to withdraw the motion[s] or to amend [them] so that [they contain] all the § 2255 claims he believes he has.'" Gooden v. United States, 627 F.3d 846, 847-48 (11th Cir. 2010) (quoting Castro v. United States, 540 U.S. 375, 383 (2003)).

Therefore, having been given notice of the Court's intention to re-characterize his motions as motions pursuant to Section 2255, and having been given warning of the potential ramifications of said re-characterization, Defendant is hereby ordered to advise the Court whether he wishes to proceed with his motions as filed, re-characterized by the Court as motions pursuant to Section 2255,[1] to withdraw said motions, or to amend said motions so that they

---

[1] The Court notes that there are a number of potential procedural hurdles Defendant may face in raising these issues even pursuant to Section 2255, including timeliness, the facts that he has already filed a Section 2255 motion, and the collateral attack waiver in his plea agreement. Nonetheless, the alternative would be for the Court to simply dismiss the motions, so conversion at least gives Defendant a chance to possibly meet the criteria to raise his claims.

contain all Section 2255 claims he wishes to assert.  If Defendant fails to respond, the Court will re-characterize said motions (Document Nos. 203, 204, and 205), as motions pursuant to Section 2255, as stated herein.

<u>s/ Alan N. Bloch</u>  
United States District Judge

ecf:    Counsel of record

cc:    James C. Platts, Fed. Reg. No. 09684-068  
       USP Hazelton  
       P.O. Box 2000  
       Bruceton Mills, WV 26525