IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) CR 10-176 |
| JAMES C. PLATTS, | ) (see CA 16-235, 16-236, 16-237 |
| | ) 16-238, 16-239) |
| Defendant/Petitioner. | ) |

## **O R D E R**

AND NOW, this 3rd day of March, 2016, upon consideration of Defendant/Petitioner ("Defendant") James C. Platt's pro se "Motion to Vacate Unauthorized Order of Supervised Release" (Doc. Nos. 203 and 227), "Motion to Vacate an Unauthorized Order of Restitution" (Doc. Nos. 204 and 228), and "Motion to Provide Evidence to Support Findings of Fact and Conclusions of Law" (Doc. Nos. 205 and 229), each filed in the above-captioned matter on March 5, 2015, and in consideration of Defendant's pro se "Motion of Response to Order of Court" (Doc. Nos. 208 and 230), filed on April 9, 2015, and his pro se "Petition to Amend the Judgment of Conviction to Accord with No Admission of Any Guilt" (Doc. Nos. 210 and 231), filed on May 12, 2015, each of which was re-characterized as a motion pursuant to 28 U.S.C. § 2255 on March 2, 2016,[1]

---

[1] The Court notes that, ultimately, the jurisdictional basis of Defendant's motions does not matter. The waiver in his plea agreement waived his right not only to file a Section 2255 motion, but also any other collateral motion attacking his conviction or sentence. Since the Court's decision relies on this waiver, and since all of the motions he has filed are collateral attacks, regardless of the label applied to them, if the waiver is enforceable, it is enforceable as to all of the pending motions. The Court is construing these motions as Section 2255 motions as a means of at least giving Defendant a proper jurisdictional basis for raising his claims at all.

1

IT IS HEREBY ORDERED that said Motions are DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

The five motions most recently filed by Defendant do nothing more than re-state arguments made in his numerous previous motions (see, e.g., Doc. Nos. 180, 182, 184, 185, 186, 187, 188, 189, 191,192, 193, 194, 195, and 196) that were denied and/or dismissed by this Court pursuant to an Omnibus Order and Memorandum Opinion dated September 10, 2014 (Doc. Nos. 198 and 199).[2] Defendant's Motion to Vacate Unauthorized Order of Supervised Release challenges the validity of his guilty plea, which the Court addressed at great length in its September 10 Order. His Motion to Vacate an Unauthorized Order of Restitution once again seeks to vacate the Court's order of restitution in this matter under Rules 11 and 32 of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3663 and 3664. Again, the Court addressed this issue in its September 10 Order. Defendant's Motion to Provide Evidence to Support Findings of Fact and Conclusions of Law and his Motion of Response to Order of Court challenge the validity of both his plea and restitution and purport to require the Court to justify its prior Order by citing to the record with specificity pursuant to Federal Rule of Civil Procedure 52. As noted, the Court has previously addressed the issues involving Defendant's plea and restitution. The Court further notes that Rule 52 of the Civil Rules, which applies to civil non-jury trials, not only has no application in this criminal plea matter, it in no way authorizes Defendant to require a response from the Court. The Court's September 10 Order clearly explains the basis for the Court's rulings. The final motion, Defendant's Petition to Amend the

---

[2] As the Court did in regard to Defendant's prior pro se filings, it has held his pro se motions here to less stringent standards than it would to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Judgment of Conviction to Accord with No Admission of Any Guilt essentially summarizes the arguments raised not only in the other four motions at issue here, but also in Defendant's numerous prior motions. Suffice to say that these issues have been addressed.

In the September 10 Order, the Court found that Defendant's waiver of his right to attack his conviction or sentence collaterally contained in the plea agreement precluded him from raising any collateral attack on the validity of his plea or as to the Court's order of restitution. The Court found the collateral waiver to be enforceable after its independent review of the record established that Defendant entered into the waiver knowingly and voluntarily and that no miscarriage of justice would occur by enforcing the waiver. See United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). In so finding, the Court discussed the validity of the plea proceedings and the order of restitution at great length in addressing essentially the same arguments that Defendant now raises. This Court's Order was affirmed by the Third Circuit Court of Appeals on August 31, 2015 (Doc. No. 224). Since Defendant is raising the same arguments, the Court's analysis in its September 10 Order (and the Third Circuit's analysis in its August 31 Order) still applies. Defendant waived his right to bring such a collateral challenge to his conviction and sentence, and the waiver is enforceable. Therefore, even if Defendant had not previously filed at least one Section 2255 motion, he is not permitted to do so now on the basis of the collateral waiver.

Accordingly, Defendant's motions are dismissed in their entirety with prejudice. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under Section 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). For the reasons set forth

above, Defendant has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue in this action.

s/ Alan N. Bloch  
United States District Judge

ecf:   Counsel of record

cc:    James C. Platts
       370 Little Creek Road
       Harmony, PA 16037